ANTONIO GARCÍA LEÓN ET AL., Plaintiffs and Appellees, v. JOSÉ J. DÁVILA, ETC., ET AL., Defendants and Appellants.

No. 5678.   Argued June 7, 1932.—Decided May 31, 1933.

*González Fagundo & González, Jr.,* and *R. Dávila Ortiz,* for appellants.
*R. Arroyo Ríos* for appellees.

Mr. Justice Wolf delivered the opinion of the Court.

Antonio García León and the other plaintiffs were some of the heirs of Amalia León Rivera. Upon her death she was the owner of a certain piece of property in the ward of Calabazas in the jurisdiction of Yabucoa, which for the purposes of this opinion it is unnecessary to describe more particularly. In 1912, and after the death of the said Amalia León Rivera, a suit, No. 652, was begun by Alfonso Ortiz in the Municipal Court of Humacao against Aurelio García León and the plaintiffs herein, who were at that time minors, to recover the sum of $250. In that suit, at the instance of the creditor, Ortiz, the aforesaid property was sold and adjudicated to Manuel Méndez, who subsequently sold it to José J. Dávila. Dávila died and the present suit of revendication was brought against his heirs. The principal contention of the plaintiffs in the present suit is that the Municipal Court of Yabucoa never acquired jurisdiction over them and hence that they are entitled to recover the property. The District Court of Humacao found for the plaintiffs.

In its opinion the district court set forth that the claim of the plaintiffs was that at the time of the institution of

the suit by Alfonso Ortiz, they were minors; that despite the fact that the said minors had a father living, the Municipal Court of Yabucoa appointed a guardian *ad litem* and that such person was appointed before the return by the marshal of the summons to the present plaintiffs, defendants in the former suit. Then the court recited that various nullities were alleged against the summons itself.

At the trial there was a stipulation filed as to what some of the plaintiffs would testify if they were present at the trial and then the defendants offered various matters in evidence, among them, testimony tending to show that some omissions in the summons were supplied by the actual facts.

It would appear that the guardian *ad litem* was named because the father was supposed to have conflicting interests with the minors. The District Court of Humacao cited jurisprudence to the effect that the appointment of the guardian was null and void for various reasons. The court then proceeds to discuss the faults of the return of the marshal which reads as follows:

"RETURN OF THE MARSHAL.

"I CERTIFY, That I received the present summons at 10 o'clock in the morning of the 5th day of September, 1912, and that I notified it personally on the 6th day of September, 1912, to the minors, Antonio, Rafael, Aurelio and Luis García León and to Aurelio García León, father of said minors, as forming the defendant 'succession,' the defendants mentioned in said summons, delivering to the said defendants and leaving at their home a copy of such summons, and delivering to the said defendants a true and exact copy of the complaint in the suit mentioned in the said summons. Dated this 6th day of September, 1912. (Sgd.) Manuel Ortiz Delgado.—Marshal."

The court held that the return was insufficient because it did not show the place where the service was made. In the second place, the court held that to serve upon the defendants a copy of the summons and of the complaint was not enough, inasmuch as there were five defendants. The court asks "To which one of the defendants was the summons delivered?"

and finally arrives at the conclusion that as there was nothing to show that each one of them was personally summoned, the Municipal Court of Yabucoa did not acquire jurisdiction. The court entered into other considerations to show that the minors, certainly or probably under 14 years of age, should have been carefully served with process along with their father and also held that the defense of prescription raised in this case could not avail the defendants.

The appellants maintain, and perhaps correctly, that as the presumption would be that as the marshal of the Municipal Court of Yabucoa only had jurisdiction within the limits of the said municipality, the service took place within the jurisdiction of Yabucoa; and that, furthermore, oral proof was given by the clerk to the effect that the domicile of the defendants was in Yabucoa, the return having stated that the summons was served on the defendants at their domicile. The appellants likewise maintain that the words used in the return, "delivering to said defendants and leaving in their hands personally a true copy of the complaint mentioned in said summons," mean that a copy was left with each one of them. We transcribe what the appellants say in their brief:

"The court below on page 46 of the record holds that it does not appear that the minors defendant, were summoned personally by delivering to each one of them a copy of the complaint and summons. The return made by the marshal of the Municipal Court of Yabucoa appears in the statement of the case at page 72 of the record and from said certificate it appears that on the 6th day of September, 1912, it (the return) was notified personally to the minors Antonio, Rafael, Aurelio and Luis García de León and Aurelio García León, delivering to said defendants and leaving in their hands (poder) personally at their home a copy of said summons, and in the hands of said defendants a true and exact copy of the complaint of the suit mentioned in such summons. The judge of the District Court of Humacao maintains that that was not sufficient, because it should have been said that the delivery was made to each one of them, but as the return is executed in the Spanish language in using the plural instead of the singular the fact is that each one of the defendants received a copy of the complaint and of the summons."

The appellants argue that the naming of the guardian *ad litem* before or after the summons was, if wrong, merely an error of procedure and not of jurisdiction. The appellants concede, however, that if the return failed to show that the summons was duly made, then the Municipal Court of Yabucoa did not acquire jurisdiction. Assuming but not deciding that the manner of naming the guardian *ad litem* was not a jurisdictional defect and was the only one, the defense of acquisitive prescription raised in this case would prevail as the judgment of the municipal court would not have been an absolute nullity and was perhaps sufficient on which to base a just title.

The appellees also raise the question that in the record of suit No. 652, the original judgment of the Municipal Court of Yabucoa does not appear. We rather think the burden would have been on the appellees to show that there was no such judgment rather than to allege that it did not appear in the record. The appellees also attack the sufficiency of the attachment issued in the case. The appellees set up several other supposed defects which we do not consider jurisdictional and find it unnecessary to discuss, and then they rely on what the court below said in regard to the failure of the return to show a due summons on each of the defendants in the former case by delivering a copy of said summons and of the complaint.

The appellants also argued in the course of their brief that many of the questions raised by the plaintiffs could not be raised in a collateral suit, but we have no question that the lack of jurisdiction and the nullity of the judgment could be the basis of a direct or collateral attack.

The only really important question is the sufficiency of the return. We can not agree with the appellants that the words ''delivering a copy to the defendants'' are to be taken distributively and mean a delivery to each one of them. In Spanish as in the equivalent English the language used tends to show that but a single copy was left with the defendants.

Even if the meaning was ambiguous or doubtful, the doubt must be resolved against the appellants. What the return said was completely consistent with a state of facts wherein the marshal had only delivered a single copy and the jurisdiction of an inferior court not of record must appear positively. We conclude that there was not a sufficient compliance with sections 92 and 93 of the Code of Civil Procedure.

The judgment will be affirmed.